**THE UNITED STATES DISTRICT COURT**

**DISTRICT OF UTAH**

| | |
|---|---|
| **ROBERT D., individually and on behalf of H.D., a minor,** | **MEMORANDUM DECISION AND ORDER** |
| **Plaintiff,** | |
| **v.** | **Case No. 1:26-cv-00003-AMA-JCB** |
| **BLUE CROSS BLUE SHIELD of NORTH CAROLINA,** | **District Judge Ann Marie McIff Allen** |
| **Defendant.** | **Magistrate Judge Jared C. Bennett** |

Before the court is a motion to proceed anonymously filed by Plaintiff Robert D.

("Robert D."), individually and on behalf of H.D., a minor ("Plaintiff").[1] For the reasons

explained below, the court grants the motion.

BACKGROUND

This case concerns Defendant Blue Cross Blue Shield of North Carolina's ("Defendant")

denial of health insurance benefits for H.D.'s care.[2] Plaintiff's complaint provides a detailed

account of the struggles H.D. went through as a minor, including issues with impulse control,

aggression, anxiety, obsessive-compulsive disorder, and self-harming.[3] Plaintiff presented

extensive evidence from H.D.'s medical records—including sensitive and personal information

about H.D.'s mental health history as a minor—in support of appeals asserting that H.D.'s care at

---

[1] ECF No. 5.

[2] *See generally* ECF No. 1.

[3] *See generally id.*

Ironwood Maine and Elevations Residential Treatment Center should have been covered by Defendant.[4]

LEGAL STANDARDS

Under Fed. R. Civ. P. 10, "[t]he title of the complaint must name all the parties."[5] However, Fed. R. Civ. P. 5.2 provides that minors must be named by initials unless the court orders otherwise.[6] No provision in the Federal Rules of Civil Procedure permits "suits by persons using fictitious names" or "anonymous plaintiffs."[7] However, "exceptional circumstances" may warrant "some form of anonymity in judicial proceedings."[8] Exceptional circumstances include those cases "involving matters of a highly sensitive and personal nature, real danger of physical harm, or where the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity."[9] In deciding whether to preserve anonymity, the court weighs any exceptional circumstances against the public's interest in access to legal proceedings.[10] Courts enjoy "discretion [in] allow[ing] a plaintiff to proceed using a pseudonym."[11] If a court grants permission for plaintiffs to proceed anonymously, "it is often

---

[4] *See generally* ECF No. 1.

[5] Fed. R. Civ. P. 10(a); *see also* Fed. R. Civ. P. 17(a).

[6] Fed. R. Civ. P. 5.2(a)(3).

[7] *Nat'l Commodity & Barter Ass'n, Nat'l Commodity Exch. v. Gibbs*, 886 F.2d 1240, 1245 (10th Cir. 1989).

[8] *Femedeer v. Haun*, 227 F.3d 1244, 1246 (10th Cir. 2000).

[9] *Id.* (quotations and citation omitted).

[10] *Id.*

[11] *U.S. Dep't of Just. v. Utah Dep't of Com.*, No. 2:16-cv-00611-DN-DBP, 2017 WL 963203, at *1 (D. Utah Mar. 10, 2007) (citing *Lindsey v. Dayton-Hudson Corp.*, 592 F.2d 1118, 1125 (10th Cir. 1979)).

with the requirement that the real names of the plaintiffs be disclosed to the defense and the court but kept under seal thereafter."[12] When no permission is granted, "the federal courts lack jurisdiction over the unnamed parties, as a case has not been commenced with respect to them."[13]

**ANALYSIS**

The court grants Plaintiff's motion to proceed anonymously because this case implicates "exceptional circumstances" that the Tenth Circuit and Rule 5.2 recognize as warranting anonymity. Several reasons weigh in favor of protecting the identities of Robert D. and H.D. in this case. The court takes each in turn.

First, the medical records in this case refer to H.D.'s struggles before the age of 18.[14] Rule 5.2(a)(3) requires litigants to protect the identity of a minor by using only the minor's initials when filing pleadings. Accordingly, Plaintiff filed the complaint in this case using H.D.'s initials to protect H.D.'s identity. Even if H.D. is no longer under the age of 18, courts recognize the appropriateness of preventing the names of minors from being disclosed past the date they reach majority, particularly where they may be burdened in adulthood by their actions as minors.[15] Although H.D.'s father, Robert D., was not a minor at any relevant time, disclosure of

---

[12] *W.N.J. v. Yocom*, 257 F.3d 1171, 1172 (10th Cir. 2001).

[13] *Id.* (quotations and citation omitted).

[14] *See generally* ECF No. 1. *See also* ECF No. 5 at 2.

[15] *See, e.g.*, *N.E. v. Blue Cross Blue Shield of N.C.*, No. 1:21CV684, 2023 WL 2696834, at *15 (M.D.N.C. Feb. 24, 2023) (providing, in another ERISA case concerning mental health care, that "although [the plaintiff] is no longer a minor, [he] was a minor when the facts underlying this case occurred, which . . . weighs in favor of protecting his identity and by extension, [his parent's] identity"); *Doe v. USD No. 237*, No. 16-cv-2801-JWL-TJJ, 2017 WL 3839416, *11 (D. Kan. Sept. 1, 2017) (concluding that "[t]he fact that Doe was a minor at all times material to the

Robert D.'s full name would have the impact of revealing H.D.'s identity and thus would violate the spirit of Rule 5.2(a)(3) and the policies preventing disclosure of records relating to minors.[16]

Second, a substantial portion of the record in this case comprises H.D.'s protected health information and records relating to H.D.'s treatment. Even absent any discussion of H.D.'s age, those records are protected from public disclosure by HIPAA.[17] Moreover, the highly sensitive and personal medical issues experienced by H.D. constitute an "exceptional circumstance" that weighs against disclosure of the identities of Robert D. and H.D.

Finally, the identities of Robert D. and H.D. are known to Defendant, as Defendant insured Plaintiff and administered the coverage for the health insurance plan. Consequently, allowing Plaintiff to proceed anonymously does not prejudice Defendant.

In sum, the public interest in access to the identities of Robert D. and H.D. appears relatively limited compared to the interest in protecting the identities of Robert D. and H.D. and matters of a highly sensitive and personal nature. Therefore, the court concludes that Plaintiff should be permitted to proceed anonymously.

## ORDER

For the reasons stated above, the court HEREBY ORDERS:

---

allegations of the complaint is at the forefront of the [c]ourt's analysis" when considering whether Doe should be allowed to proceed anonymously).

[16] *See, e.g.*, *S.E.S. v. Galena Unified Sch. Dist. No. 499*, No. 18-2042-DDC-GEB, 2018 WL 3389878, at *2 (D. Kan. July 12, 2018) (concluding that although adult parents do not enjoy a heightened privacy interest themselves, a child "and his parents share common privacy interests based on their inseparable relationship to one another" and that "[o]rdering disclosure of the parent[s'] identities" would effectively reveal the child's identity and "place—in effect—personally identifiable and confidential information about the . . . minor in the public record").

[17] 42 U.S.C. § 1320d *et seq.*

1.      Plaintiff's motion to proceed anonymously[18] is GRANTED.

2.      On or before February 3, 2026, Plaintiff must file under seal with the court a

document containing the full names of Robert D. and H.D. That filing shall

remain under seal unless the court orders otherwise.[19]

IT IS SO ORDERED.

DATED this 20th day of January 2026.

BY THE COURT:

JARED C. BENNETT
United States Magistrate Judge

---

[18] ECF No. 5.

[19] *W.N.J.*, 257 F.3d at 1171 ("If a court grants permission [to proceed anonymously], it is often with the requirement that the real names of the plaintiffs be disclosed to the defense and the court but kept under seal thereafter.").